# EXHIBIT 1

## SECOND RESTATED AGREEMENT AND DECLARATION OF TRUST OF THE MID-ATLANTIC REGIONAL COUNCIL OF CARPENTERS' PENSION FUND

This Second Restated Agreement and Declaration of Trust is made and entered into effective this 22ⁿᵈ day of ___June___, 20 06 by the **TRUSTEES OF THE MID-ATLANTIC REGIONAL COUNCIL OF CARPENTERS' PENSION FUND** ("Trustees").

### WITNESSETH:

**WHEREAS**, an Agreement and Declaration of Trust dated December 11, 1961 established this Fund, formerly known as the Washington Area Carpenters' Pension and Retirement Trust Fund; and

**WHEREAS**, that Agreement and Declaration of Trust was restated and amended in its entirety effective July 1, 1990; and

**WHEREAS**, it is the intent of the Trustees that this Trust and the Plan of Benefits adopted pursuant to this Trust be qualified and exempt from taxation as provided under the Internal Revenue Code, as amended, and be administered in accordance with the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. §186(c)(5); and

**WHEREAS**, the Eastern District Council of Carpenters Pension Fund was merged into the Washington Area Carpenters' Pension and Retirement Trust Fund, effective August 1, 2004 with the consolidated fund to be named the Mid-Atlantic Regional Council of Carpenters' Pension Fund; and

**WHEREAS**, the Trustees wish to amend and restate the Restated Agreement and Declaration of Trust in its entirety;

**NOW, THEREFORE**, the Trustees agree to and adopt all of the terms and provisions contained herein and declare that they will receive, hold, use and apply Contributions and any other money or property that may come into their hands as Trustees for the exclusive benefit of the employees and their beneficiaries upon the terms, conditions and trusts, hereinafter stated.

### ARTICLE I
### Definitions

Unless the context or subject matter requires otherwise, the following definitions will govern this Second Restated Agreement and Declaration of Trust.

**Section 1.    Agreement and Declaration of Trust.**
"Agreement and Declaration of Trust" means this document including any amendments, supplements and modifications hereto.

**Section 2.    Association.**
"Association" means, collectively, the Construction Contractors Council, AGC Labor Division, Inc. and the Virginia Association of Contractors, Inc.

**Section 3.    Beneficiary.**
"Beneficiary" means a person who, by the terms of the Plan of Benefits created pursuant to this Agreement and Declaration of Trust, is or may become entitled to benefits from this Fund.

**Section 4.    Collective Bargaining Agreement.**
"Collective Bargaining Agreement" means a written labor contract or other written agreement between a Union and an Employer, or a Union and the Association that requires Contributions to the Fund, together with any modifications, supplements or amendments thereto.  It also means any prior agreement entered into by an Employer, or any project agreement or national agreement requiring Contributions to the Fund.

**Section 5.    Contributions.**
"Contributions" means the money paid or payable into the Trust by the Employer pursuant to a Collective Bargaining Agreement, or, in the case of the Union or Fund, pursuant to a Participation Agreement approved by the Trustees.  It also means, upon the expiration of a Collective Bargaining Agreement, money payable or paid into the Trust by an Employer under a duty imposed by law, including but not limited to the National Labor Relations Act.

**Section 6.    Employee.**
"Employee" means:

(a)    those employees who are employed by an Employer, as defined in Article I, Section 7, and on whose behalf Contributions are required to be made to the Fund pursuant to a Collective Bargaining Agreement and such other persons as the Trustees determine to be Employees under the Plan of Benefits;

(b)    a person in the employ of an alter ego or enterprise affiliated with or under the common control of an Employer who performs work of any kind covered by the terms of a Collective Bargaining Agreement, including an employee who is compensated on a salary or other basis not in accordance with the Collective Bargaining Agreement;

(c)    employees of the Union such as business agents, office personnel and other employees who are not employed by an Employer hereunder, provided that the Union agrees to make the required Contributions to the Fund on behalf of all of its

full time employees. As to such employees (and solely for such purpose), the Union will be considered an Employer within the meaning of this Agreement and Declaration of Trust; and

(d)     any employees, officers and/or owners who are not bargaining unit employees of an Employer if such Employer: (1) is signatory to a Collective Bargaining Agreement requiring Contributions to the Fund on behalf of its bargaining unit employees; (2) is signatory to a Participation Agreement with the Board of Trustees which sets forth the terms and conditions of such employees,' officers,' and/or owners' participation in the Fund; and (3) complies fully with the terms of the Participation Agreement, this Agreement and Declaration of Trust, the Plan of Benefits, and the Rules and Regulations governing the participation of non-bargaining unit employees as established by the Trustees.

## Section 7.    Employer.
"Employer" means:

(a)     An employer that is a member of or is represented in collective bargaining by the Association and that is bound by a Collective Bargaining Agreement providing for payments to the Fund, including payments with respect to employees represented by a Union or with respect to other employees of the employer approved by the Trustees; or

(b)     An employer who is not a member of or represented in collective bargaining by the Association that has executed a Collective Bargaining Agreement providing for Contributions to the Fund for its employees covered by said Collective Bargaining Agreement; or

(c)     The Union for purposes of making Contributions to the Fund as the employer of employees of a Union in accordance with rules adopted by the Trustees. The foregoing reference to Union as "Employer" will not be deemed to convey to the Union any rights or privileges granted by the Agreement and Declaration of Trust to an "Employer" as defined herein; or

(d)     This Trust Fund or other trust funds for the purpose of making Contributions to this Fund as the employer of employees of such trust funds in accordance with rules adopted by the Trustees; or

(e)     Any alter ego or enterprise affiliated with or under the common control of an Employer that is found by a court, administrative, or arbitral proceedings to be obligated to contribute to the Fund.

**Section 8.    ERISA.**

"ERISA" means the Employee Retirement Income Security Act of 1974, any amendments as may from time to time be made and any regulations promulgated pursuant to the provisions of ERISA.

**Section 9.    Participation Agreement.**

An agreement between the Board of Trustees and an Employer, including the Union and this Trust Fund or other trust, which sets forth the terms and conditions of participation of individuals employed by the Employer who are not otherwise covered by a Collective Bargaining Agreement.

**Section 10.    Plan or Plan of Benefits.**

"Plan," "Plan of Benefits" means the program of pension benefits established by the Board of Trustees pursuant to this Agreement and Declaration of Trust and as subsequently amended by the Trustees.

**Section 11.    Trust Fund or Fund.**

"Trust Fund" of  "Fund" means the Trust Fund provided for in this Agreement and Declaration of Trust, and means generally the monies, investments, insurance policies and other things of value which comprise the corpus, income and additions to the Trust Fund.

**Section 12.    Trustees.**

The term "Trustees" or "Board of Trustees" means the Trustees designated and appointed in accordance with the terms of this Agreement and Declaration of Trust.

**Section 13.    Union.**

"Union" means the Mid-Atlantic Regional Council of Carpenters and affiliated local unions.

**ARTICLE II**
**Continuation of the Trust Fund**

**Section 1.    Name of the Trust Fund.**

As of August 1, 2004, the Trust Fund shall be known as the Mid-Atlantic Regional Council of Carpenters' Pension Fund.

**Section 2.    Composition of Trust Fund.**

The assets of this Trust Fund consist of (1) the sums of money that have been or will be paid or which are due and owing to the Fund by the Employers as required by Collective Bargaining Agreements; (2) all investments made therewith, the proceeds thereof and the income therefrom; (3) all policies of insurance including dividends, interest, refunds, or other sums payable to the Trustees on account of said policies; (4) all other Contributions and payments to or due and owing to the Trustees from any source to the extent permitted by law; and (5) supplies, property and other assets used by the Trustees in the administration of the Fund.

**Section 3.    Purpose of the Fund.**
The purpose of the Fund is to provide: (1) pension benefits and such other benefits to qualified Beneficiaries in the amounts and under the conditions as specified in this Agreement and Declaration of Trust and the Plan of Benefits, as may be permitted by applicable law and (2) the means of financing the expenses of the Trustees in the operation and administration of the Trust Fund, in accordance with this Agreement and Declaration of Trust. It is intended that this Trust and the Plan of Benefits, to the extent permitted by law, be administered and operated as a multiemployer plan, as that term is defined in Section 3(37) of ERISA.

**Section 4.    Irrevocable Purpose.**
This Trust constitutes an irrevocable trust established for the exclusive benefit of Employees, in accordance with Section 302(c) of the Labor-Management Relations Act of 1947, as amended by Public Law 86-257, 1959 and in accordance with ERISA.

## ARTICLE III
### Board of Trustees

**Section 1.    Board of Trustees**
(a)    The operation and administration of the Fund shall be the responsibility of a Board of Trustees, composed of ten (10) Trustees, five (5) Employer Trustees and five (5) Union Trustees designated as follows:

      (1)    The five (5) Employer Trustees shall be designated and appointed by the Association.

      (2)    The five (5) Union Trustees shall be designated and appointed by the Union.

(b)    There may also be two (2) Alternate Trustees. One (1) Alternate Trustee may be appointed by the Association and one (1) Alternate Trustee may be appointed by the Union. If appointed, the Alternate Trustee may serve in the place of a Trustee appointed by the same party who is unable to attend a regular or special meeting of the Trustees or who is temporarily incapacitated from serving. At or before a meeting, the Union or the Association, as applicable, may designate its Alternate Trustee to serve in the place of an absent Union or Employer Trustee respectively.

(c)    The composition of the Board of Trustees may be changed at any time by majority vote of the Trustees.

**Section 2.    Acceptance of Trusteeship.**
Each Trustee will sign a written acceptance and thereby will accept the Trust established by this Agreement and Declaration of Trust, will consent to act as Trustee and will agree to administer the Fund as provided in this Agreement and Declaration of Trust. The written acceptance will

be in a form satisfactory to the Trustees and consistent with ERISA and will be filed at the office of the Fund.

### Section 3.    Removal of Trustees.

An Employer Trustee may be removed from office at any time, for any reason, by the Association. A Union Trustee may be removed from office at any time, for any reason, by the Union. Any such removal will be effective as stated in a written notice signed on behalf of the appointing or removing party, which shall be given to the remaining Trustees. A notice of removal will not be effective until the Trustees are provided with the name of the person designated to fill the vacancy created by the removal along with that person's written acceptance in accordance with Section 4 below.

### Section 4.    Resignation and Replacement of Trustees.

(a)    A Trustee may resign and become and remain fully discharged from all further duty or responsibility under this Agreement and Declaration of Trust by giving thirty (30) days' written notice of such resignation to the Chairman and Secretary of the Board of Trustees, or such notice as the remaining Trustees may accept as sufficient. The notice will state the date on which the resignation will take effect, and the resignation will take effect on the date stated in the notice unless a successor Trustee is appointed at an earlier date, in which event the resignation will take effect immediately upon the appointment of the successor Trustee.

(b)    In the event of the resignation, death, incapacity or the unwillingness of any of the Trustees to serve, a successor Union Trustee will be designated by the Union and a successor Employer Trustee will be selected by the Association as prescribed in Section 1 above. The remaining Trustees will be notified of such designation in writing.

(c)    Any successor Trustee designated as provided in this Agreement and Declaration of Trust will sign an acceptance of this Agreement and Declaration of Trust as provided in Section 2 of this Article, and will thereby become vested with all the rights, powers, discretion and duties of his predecessor Trustee.

(d)    Any retiring or terminated Trustee will promptly turn over to the remaining Trustees at the office of the Fund any and all records, books, documents, monies and other property in his possession which are a part of the Trust Fund and related to the fulfillment of the Trustees' duties and responsibilities under this Agreement and Declaration of Trust.

(e)    The powers of the Trustees to act, as provided in this Agreement and Declaration of Trust, will not be impaired or limited in any way pending the designation of a successor Trustee to fill any vacancy.

**Section 5.     Name.**

The Trustees will conduct the business of the Fund and execute all documents in the name of the Mid-Atlantic Regional Council of Carpenters' Pension Fund

**Section 6.     Term of Trustees.**

A Trustee will continue to serve until his death, incapacity, resignation, or removal as established by this Agreement and Declaration of Trust.

**Section 7.     Payment of Trustees.**

The Trustees may not receive compensation for the performance of their duties but may be reimbursed, in accordance with ERISA, for any reasonable and necessary expense, including lost wages, which they may incur in the performance of their duties.

## ARTICLE IV
### Meetings and Decisions by the Board of Trustees

**Section 1.     Officers of the Board of Trustees.**

(a)     The Trustees will select from among themselves a Chairman of the Trustees to serve for a period that they will determine.

(b)     The Trustees will select from among themselves a Secretary of the Trustees who shall be responsible for ensuring that a record of all action taken by the Trustees is maintained.  All actions of the Trustees at meetings will be recorded in a regular minute book and will be maintained at the office of the Fund.

(c)     The Trustees may appoint a Union Trustee or Employer Trustee as Chairman or Secretary; however, if the Chairman is a Union Trustee, then the Secretary must be an Employer Trustee, or vice-versa.

**Section 2.     Meetings of the Trustees.**

(a)     Regular meetings of the Trustees will be held at such times and places as determined by the Trustees.  Reasonable notice of the meetings will be provided, except that meetings may be held at any time without notice if all the Trustees consent thereto in writing.

(b)     Special meetings may be called by the Chairman or Secretary or any two (2) Trustees upon four (4) days' written notice.

(c)     The Trustees will meet at least once each year and at such other times as they find it necessary to conduct their business.

**Section 3.      Action of Trustees Without Meeting.**

The Trustees may also take action without a meeting, in writing or by telephone conference call, provided that, in such cases, there must be unanimous agreement of all Trustees.

**Section 4.      Quorum.**

In any meeting of the Trustees, four (4) Trustees, consisting of at least two (2) Union Trustees and at least two (2) Employer Trustees, will constitute a quorum for the conduct of business. At all meetings, the Employer and Union Trustees will have equal voting strength.

**Section 5.      Majority Vote of Trustees.**

(a)      Each Trustee will have one (1) vote.   Except as hereinafter otherwise provided, all action by the Trustees will be by majority decision of those voting in person or by proxy.  In the event any Employer Trustee(s) is (are) absent or if there should otherwise be an Employer Trustee position left vacant on the Board of Trustees, the remaining Employer Trustees will exercise the vote of the absent Employer Trustee(s).   In the event any Union Trustee(s) is (are) absent or if there should otherwise be a Union Trustee position left vacant on the Board of Trustees, the remaining Union Trustees will exercise the vote of the absent Union Trustee(s).  Such majority decision will govern not only this Article but any portion of the Agreement and Declaration of Trust that refers to action by the Trustees.

(b)      Any Union or Employer Trustee may, by written authorization, empower any other Union or Employer Trustee, as the case may be, to act on his behalf and to use his name for execution or signature of any document for the purpose of administering the Fund.

(c)      In the event any matter presented for decision cannot be decided because of the lack of quorum at two successive meetings, or because of a tie vote, the matter will be submitted to arbitration, as set forth in Article IX of this Agreement and Declaration of Trust.

**Section 6.      Minutes of Meetings.**

The Trustees or someone designated by them will keep minutes of all meetings. The minutes need not be verbatim.  Copies of the minutes will be sent to all the Trustees and to other persons as the Trustees may direct.  Minutes of a meeting will be reviewed and approved by the Trustees at the next meeting.

## ARTICLE V
### Powers and Duties of Trustees

**Section 1.     Conduct of Trust Business.**

The Trustees have the authority to control and manage the operation and administration of the Fund and will conduct the business and activities of the Fund in accordance with this Agreement and Declaration of Trust and applicable law. This power and authority will be vested exclusively with the Board of Trustees, except to the extent is has been delegated pursuant to this Agreement and Declaration of Trust. The Trustees will hold, manage and protect the Trust Fund and collect the income therefrom and Contributions thereto. Except as provided in this Trust Agreement, by applicable law or as determined by the Trustees, all actions taken by the Trustees that are fiduciary or would otherwise be considered settler actions shall be considered fiduciary actions within the meaning of ERISA. The Trustees are the "Named Fiduciary" and the "Administrator" of the Fund as those terms are defined in ERISA.

**Section 2.     Use of the Trust Fund for Expenses and to Provide Benefits.**

(a)     The Trustees have the power and authority to use and apply the Trust Fund to pay or provide for the payment of all reasonable and necessary expenses:

    (1)     to collect Employer Contributions and payments and other monies and property to which they may be entitled;

    (2)     to administer this Trust Fund, including the purchase or lease of premises, material, supplies and equipment,

    (3)     to obtain such legal, actuarial, consulting, investment, administrative, accounting, clerical and other services as they determine to be necessary or appropriate, and

    (4)     to perform such other acts as the Trustees, in their sole discretion, find necessary or appropriate to perform their duties.

(b)     The Trustees have the power and authority to use and apply the Trust Fund to pay or provide for the payment of pension related benefits to eligible Employees and Beneficiaries in accordance with the terms, provisions and conditions of the Plan of Benefits adopted by the Trustees pursuant to this Agreement and Declaration of Trust.

**Section 3.     Construction and Determinations by Trustees.**

Subject to the purposes of the Fund and the provisions of this Agreement and Declaration of Trust, the Trustees have full and exclusive discretionary authority to determine all questions of eligibility, amount of benefit, method of providing for benefits, and all other related matters. They have full discretionary power to interpret the provisions of this Agreement and Declaration of Trust and the Plan of Benefits, and the terms used in these documents and any rules and regulations issued in connection with these documents. Any such determination and

any such interpretation adopted by the Trustees in good faith will be binding upon the Unions, Employers, Employees and their Beneficiaries.

In addition to other powers set forth herein or conferred by law, the Trustees are hereby empowered to:

(a)     demand, collect, receive and hold Contributions and take any action which they may find necessary or desirable to collect Contributions due the Trust Fund.  In so doing, the Board of Trustees, in its sole discretion, shall have the right to maintain any and all actions and legal proceedings necessary for the collection of Contributions or payments provided for and required and the right to prosecute, defend, compromise, settle, abandon or adjust, by arbitration or otherwise, any such actions, suits, proceedings, disputes, claims, details and things.  The Board of Trustees has the power and authority to pay and provide for the payment of all reasonable and necessary expenses of collecting the Contributions or payments, and the power and authority to establish rules and regulations setting forth the method of collection of Contribution payments, and when such matters should be settled or compromised;

(b)     compromise, settle, arbitrate and release claims or demands in favor of or against the Trust Fund or the Trustees on such terms and conditions as the Trustees may determine to be advisable; commence or defend any legal, equitable or administrative proceedings brought in connection with the Trust Fund and represent the Trust Fund in all such proceedings;

(c)     pay or provide for the payment of all reasonable and necessary expenses of collecting Contributions and payments;

(d)     enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and the administration of the Fund;

(e)     enter into an investment contract or agreement with one or more insurance companies for the investment and reinvestment of assets of the Trust Fund;

(f)     invest, reinvest and have invested and reinvested assets of this Trust Fund, without distinction between principal and income, in any type of investment the Trustees determine to be prudent.  There is no limitation restricting investments in common stock to a percentage of the Trust Fund or to a percentage of the total market value of the Fund.  The Trustees have the authority, with respect to any stocks, bonds or other real or personal property which they hold as Trustees, to exercise all the rights, powers and privileges which might be lawfully exercised by a person owning similar property in his own right;

(g)    register securities or other Trust Fund property in the name of the Trust Fund or of the Trustees, or in the names of one or more nominees of the Trustees and to hold instruments in bearer form;

(h)    enter into and terminate agency or custody agreements with a bank, trust company or other custodian chosen by them, under which agreements the Trustees may turn over to such bank, trust company or other custodian all or a portion of the funds held by them in this Trust for safekeeping, investment or reinvestment, on such terms as the Trustees determine to be advisable;

(i)    invest the assets of the Fund in a common, collective, or commingled trust fund, to the extent permitted by ERISA and other applicable law. To the extent monies or other assets are transferred to a collective trust in exchange for an interest in the collective trust, the terms and conditions of the collective trust alone will govern the investment duties, responsibilities and powers of the trustees of the collective trust, and to the extent required by law, those terms, responsibilities, and powers will be incorporated herein by reference and will be part of this Agreement and Declaration of Trust;

(j)    sell, exchange, lease, convey, mortgage or dispose of any real or personal property, which is at any time a part of the Trust Fund, on terms which the Trustees determine to be proper, and to execute and deliver any and all instruments of conveyance, lease, mortgage or transfer in connection therewith;

(k)    pay or provide for the payment of all real and personal property taxes, income taxes and other taxes levied or assessed under applicable law upon or with respect to the Trust Fund or any money, property, or securities forming a part of the Fund;

(l)    retain such portion of the assets of the Trust Fund in cash or cash equivalents as the Trustees may determine to be desirable, without any liability for interest on such assets;

(m)    establish and create a funding policy consistent with the purposes of the Fund and requirements of applicable law. As part of the funding policy, the board of Trustees shall establish and accumulate as part of the Trust Fund such reasonable reserve funds as the Board of Trustees, in their sole discretion, by itself or through an investment manager or counselor deem necessary or desirable to carry out the purposes of the Trust Fund;

(n)    allocate fiduciary responsibilities among the Trustees, or committees of the Trustees, delegate fiduciary duties to persons other than the Trustees, and delegate Trustee responsibilities to an investment manager as provided in this Agreement and Declaration of Trust and in accordance with the requirements of ERISA;

(o)    appoint one or more investment managers, as that term is defined in ERISA, and enter into an agreement with such investment managers, in accordance with the requirements

of ERISA, delegating to the investment manager the responsibility to control and manage, acquire and dispose of all or a portion of the assets of the Trust Fund which the Trustees may specify;

(p)     enter into an agreement with an administrative manager or establish an arrangement in cooperation with related benefit funds to establish an administrative office or offices of the Trust Fund and of the Trustees under the direction of the Trustees or a committee of the Trustees.   The administrative office will coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of actuarial services furnished by the consulting actuary, prepare (in cooperation where appropriate with the consulting actuary and independent auditor) all reports and other documents to be prepared, filed or distributed by the Trust Fund in accordance with law, assist in the collection of amounts due to the Trust Fund by Employers and Employees and perform such other duties and furnish other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees;

(q)     employ a qualified investment consultant to assist the Trustees in exercising their investment powers and authority by reviewing the investment performance, the investment policy and the types and kinds of investments made by the Trustees and/or the investment manager(s);

(r)     engage one or more independent certified public accountants, enrolled actuaries and qualified legal counsel to perform all services as may be required by applicable law and such other services as the Trustees may determine to be necessary;

(s)     pay or provide for the payment from the Trust Fund of all costs incurred in obtaining the services of professionals, consultants, managers and other providers or services to the Fund as the Trustees determine to be necessary and in accordance with this Agreement and Declaration of Trust and applicable law;

(t)     designate an agent for service of legal process for the Trust Fund;

(u)     obtain and maintain policies of insurance, to the extent permitted by law, to insure the Trustees, the Trust Fund, employees and agents of the Trustees and of the Trust Fund or the administrative office while engaged in business and related activities for and on behalf of the Trust Fund (1) with respect to liability as a result of acts, errors or omissions of the Trustees, employees or agents, and (2) with respect to injuries or property damage. The cost of the premiums for such policies of insurance will be paid out of the Trust Fund to the extent permitted by ERISA;

(v)     enter into reciprocal agreements (on such terms as the Trustees determine to be advisable) with trustees of other pension funds to permit Employees covered by this Fund to receive credit in this Fund when working outside the geographical and/or trade jurisdiction covered by Collective Bargaining Agreements, as defined in this Agreement

and Declaration of Trust, and to receive from such other funds Contributions received on behalf of such Employees by the other funds; to disburse to other pension funds Contributions received on behalf of employees not normally covered under this Fund to permit those employees to receive credit in such other funds;

(w)    merge this Fund into or with another fund or to accept the transfer of all or a portion of the assets of another fund in accordance with the provisions of ERISA;

(x)    establish policies, rules and procedures which the Trustees determine to be necessary to accomplish the purposes of this Agreement and Declaration of Trust and which are not inconsistent with the terms of this Agreement and Declaration of Trust;

(y)    do any and all acts, whether or not expressly authorized in this Agreement and Declaration of Trust, which the Trustees determine to be necessary to accomplish the general objective and purpose of providing retirement benefits to Employees;

(z)    vote or refrain from voting upon any stocks, bonds, or other securities; to give general or special proxies or powers of attorneys with or without power of substitution; appoint one or more individuals or corporations as voting trustees under voting trust agreements and pursuant to such voting agreements to delegate to such voting trustees discretion to vote; exercise any conversion privileges, subscription rights or other options, and make any payments incidental thereto; oppose, or consent to, or otherwise participate in, corporate reorganizations or other changes affecting corporate securities, and to pay any assessments or charges in connection therewith; and generally exercise any of the powers of an owner with respect to property held as part of the Trust;

(aa)    adopt a claims and appeals procedure granting an Employee or Beneficiary the right to be informed of the Board of Trustees' decision regarding payment of benefits, and the right to know the reasons for any denial of a benefit claims in accordance with ERISA and applicable Department of Labor regulations;

(bb)    appoint a bank, trust company, insurance company or other financial institution as co-trustee (hereinafter "Corporate Trustee"), and to enter into a contract with such Corporate Trustee to delegate all or part of the authority of the Board of Trustees with respect to the proper management of the Trust. The Board of Trustees may convey and transfer to the Corporate Trustee all or part of the Trust. It is contemplated that assets of the Trust may be deposited in funds or accounts described in ERISA Section 408(b)(4) and 408(b)(8). Such Corporate Trustee shall receive such reasonable compensation, chargeable against the Trust, as shall be agreed to by the Board of Trustees;

(cc)    admit to participation in this Fund any employer that signs a collective bargaining agreement or other written agreement with the Union obligation said employer to make payments to the Fund and who executes a Participation Agreement, and admit to

participation in the Fund, the Union and the Fund if they execute a Participation Agreement with the Fund;

(dd)   form a corporation under the laws of any jurisdiction, participate in the forming of any such corporation or acquire an interest in or otherwise make use of any corporation already formed for the purpose of investing in and holding title to any property; and

(ee)   adopt a policy regarding participation of owner-employers in the Fund.

## Section 5.   Personal Liability.
Except to the extent liability is imposed by ERISA, no Trustee will be liable or responsible for his own acts or for any acts or defaults of any other fiduciary or party in interest or any other person.  The Trustees, to the extent permitted by applicable law, will not incur liability by acting on any document which they believe to be genuine and to contain a true statement of facts and, if applicable, to be signed by the proper person.

## Section 6.   Reliance on Written Instruments and Professional Advice.
Any Trustee, to the extent permitted by ERISA, may rely upon any written document purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such document.

The Trustees may, from time to time, consult with the Trust Fund's legal counsel, actuary and any other professionals. To the extent permitted by ERISA, the Trustees will be protected in acting upon the advice of such professionals.

## Section 7.   Reliance by Others.
No party dealing with the Trustees will be obligated to see that the funds or property of the Trust Fund are applied to the stated purposes of the Trust, to see that the terms of this Agreement and Declaration of Trust have been complied with or to review the necessity of any act of the Trustees. A document executed by the Trustees will be conclusive evidence in favor of any person relying on such a document that at the time the document was executed, the Trust was in full force and effect, that the document was executed in accordance with the terms and conditions of this Agreement and Declaration of Trust, and that the Trustees were authorized and empowered to execute the document.

## Section 8.   Books of Account.
The Trustees or their agent will keep true and accurate books of account and records of all transactions of the Trust Fund which will be open to the inspection of each of the Trustees at all times and which will be audited at least annually and at such other times as the Trustees determine it to be appropriate by a certified public accountant selected by the Trustees.  Such audits will be available at all times for inspection by the Employers, the Unions and the Employees or their Beneficiaries at the principal office of the Trust Fund.

## Section 9.     Surety Bonds.

The Trustees and any agents or employees who are empowered and authorized to sign checks and handle monies of the Trust Fund will be bonded by an authorized surety company qualified to write such bonds.  The Trustees may also bond such other agents or employees of the Trust Fund as they determine to be appropriate.  The cost of the premiums of such bonds will be paid out of the Trust Fund.  The bonds will be in the amounts required by applicable law.

## Section 10.     Execution of Documents.

In the course of operating the Trust Fund the Trustees will execute documents in the name of the Mid-Atlantic Regional Council of Carpenters' Pension Fund.  Documents may be signed by the Chairman and Secretary or one or more Trustees authorized by resolution.  Documents executed as provided above are binding on the Trustees and the Trust Fund.

## ARTICLE VI
## Contributions to the Trust Fund

## Section 1.     Contributions Held in Trust.

The Trustees will receive and hold the payments provided for in this Agreement and Declaration of Trust and any other money or property which may be entrusted to them, as Trustees, with the powers and duties and for the uses and purposes set forth in this Agreement and Declaration of Trust.  Neither the Unions, the Employers, Employees, or Beneficiaries will have any right, title or interest in or to the Trust Fund or any part of the Trust Fund except as required by law.

## Section 2.     Encumbrance of Benefits.

The Mid-Atlantic Regional Council of Carpenters' Pension Fund is an irrevocable trust for the sole and exclusive benefit of the Employees and their Beneficiaries who are entitled to benefits under the Plan of Benefits.

All of the assets of the Trust Fund will be free from the interference and control of any creditor of the Unions, the Employers, Employees or Beneficiaries.  No benefits will be subject to assignment or other anticipation, nor subject to seizure or to sale under any legal, equitable or other process except as may be specifically permitted by the Trustees in accordance with applicable law.  If any claim or benefit becomes or may become payable to any person other than the Employee or Beneficiary entitled to the benefit, the Trustees have the power to withhold payment of the benefit to the Employee or Beneficiary until the assignment, encumbrance, anticipation or other legal process is canceled or withdrawn in a manner satisfactory to the Trustees.  Until so canceled or withdrawn, the Trustees have the power and discretion to use and apply the benefits directly for the support and maintenance of the Employee or Beneficiary.

The Employers' Contributions and payments due and owing to the Trust Fund are not and will not be considered wages due to Employees. The Trust Fund will not be liable for or subject to the debts, contracts or liabilities of the Unions, Employers, Employees or Beneficiaries.

No Employee or Beneficiary has the right to receive any part of the assets of this Trust Fund, except as provided by the Plan of Benefits.

**Section 3.      Rate of Contributions.**

(a)      Each of the Employers will pay to the Trustees or to an agent designated by the Trustees the amount of money as established and provided for in Collective Bargaining Agreements. An Employer will also be obligated to pay the amounts established in such agreements following the expiration of a Collective Bargaining Agreement if the Employer is under a duty to pay such amounts pursuant to an obligation arising under the National Labor Relations Act. The obligations of each Employer under this Agreement and Declaration of Trust will be binding upon the Employers' successors and assigns to the extent provided by law.

(b)      Each Employer who is required to make contributions to the Fund pursuant to a Participation Agreement must pay contributions on behalf of those employees, officers and/or owners in accordance with the terms of that Agreement, and it is understood that the rates established by such Participation Agreements are determined by the Trustees in accordance with their authority established herein and as otherwise provided in the applicable Participation Agreement and/or such Rules and Regulations promulgated by the Trustees governing participation of non-collectively bargained Employees.

**Section 4.      Mode of Payment and Reports.**
All Contributions required by the Collective Bargaining Agreements will be paid to the Trustees in the manner and form determined by the Trustees consistent with this Agreement and Declaration of Trust. The Employer will make all reports on Contributions required by the Trustees in the performance of their duties under this Agreement and Declaration of Trust.

The Trustees may, at any time upon two (2) work days' notice, designate a qualified representative to conduct an audit of the payroll, wage and other records of any Employer to permit the Trustees to determine whether the Employer is making full payments to the Trust Fund in the amounts required by the Collective Bargaining Agreement or, if applicable, Participation Agreement. The determination of the qualified representative conducting the audit, with respect to the amount of the delinquency, if any, shall be final and binding on the Employer and the Union. Each Employer shall promptly furnish to the Board of Trustees on demand, any and all wage records relating to such Employer's Employees determined by the Board of Trustees to be needed to determine that appropriate Contributions are being made to the Fund. Any data or information provided to the Trustees by an Employer or by the Unions

will be kept confidential and may not be disclosed by the Trustees to any third person, unless the Trustees decide that disclosure is necessary for the proper administration of the Fund.

### Section 5.    Presumptions Which Apply Where Records Are Not Sufficient.

Employers bound to this Agreement and Declaration of Trust are required to keep records that are sufficient to allow the Fund's representative and/or auditor to determine which Employee performed work for which Contributions and/or payments were required to be made to the Fund by the Employer and how many hours of such work were performed. If the Fund's representative and/or auditor determines that the Employer's records are not sufficient for this purpose, it will be presumed that any individual who performed work for which Contributions were required to be made to the Fund by the Employer during the period covered by the audit, spent his entire time performing such work. Therefore, unless other records are available to determine hours worked, a delinquency based on the work performed by such a person will be calculated by dividing the person's total compensation from the Employer by the applicable wage rate under the Collective Bargaining Agreement and multiplying by the appropriate rate of contribution.

### Section 6.    Default in Payment.

(a)    Each Employer is responsible only for making Contributions and payments that it is obligated to make on behalf of its Employees under its Collective Bargaining Agreement except as provided in this Agreement and Declaration of Trust. If an Employer does not pay any contribution or payment when due this will not relieve any other Employer of his obligation to make payments. Non-payment by one Employer of any contribution or payment when due does not impose on any other Employer, the Association and Additional Associations or the Unions any obligation with respect to such payments.

(b)    Regular, prompt and correct payment of amounts due by individual Employers to this Fund is essential for the maintenance of the Fund. It is extremely difficult, if not impossible, to establish the actual expense and damage to the Fund and to the benefit program provided by the Fund which will result from the failure of an individual Employer to make payments in full within the specified time period established by the Trustees. Therefore, payments together with the completed reporting forms are due by the twenty-fifth (25th) day following the end of the calendar month for which contributions are due. If an Employer does not file a complete report or make a full payment of Contributions by the due date, the Employer is in default and the following, in the discretion of the Trustees, will be added to and become a part of the amount due from the Employer: (1) liquidated damages for each monthly report or payment due in the amount of ten percent (10%) of the amount due and/or (2) interest at the rate of twelve percent (12%) per annum from the due date to the date of payment. If an audit of an Employer's records discloses Contributions due to the Fund, the Employer will also be obligated to pay the audit fee.

(c)     The Trustees have the power to take any action necessary to enforce the payment of Contributions and other amounts due, which may include filing or intervening in any legal, equitable or administrative proceedings. All reasonable expenses incurred by the Trust Fund to enforce the payment of amounts due, including but not limited to, reasonable attorneys' fees, accountants' or auditor's fees and court costs will be added to the amount owed by the delinquent Employer in addition to the amount of Contributions and payments due and the liquidated damages and interest provided for above. The Trustees have the authority to settle or compromise any claim, suit, or legal action for less than full amount due or to waive amounts due or determine amounts due to be uncollectible when in the Trustees' discretion they determine it to be in the best interest of the Fund.

(d)     The Trustees or a committee appointed by the Trustees have the discretion to adopt such rules and procedures concerning payments to the Fund, audits, liquidated damages and to enforce the collection of delinquent Contributions as they determine to be necessary. The Trustees may, in their discretion, require a bond or deposit as security for the prompt future payment of Contributions and other amounts due to the Fund. The Trustees may, in their discretion, adopt special rules, including but not limited to, more frequent reporting and payment of Contributions in the event an Employer has been repeatedly delinquent or based on the Employer's financial condition, if the Trustees determine that this is necessary to prevent or limit the size of a current or potential delinquency.

**Section 7.     Projection of Delinquency.**

Where an Employer is two (2) or more months delinquent in making Contributions required on behalf of his Employees and has failed to submit the regular documents showing the Employees who worked for him and the hours worked, the Trustees may project as the amount of the Contribution delinquency the greater of:

(a)     the average of the monthly payments or reports actually submitted by the Employer for the last three (3) months for which payments or reports were submitted; or

(b)     the average of the monthly reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.

Where the Employer has made monthly payments or submitted reports for fewer than three (3) months, the Trustees may use the average of the monthly payments or reports actually submitted by the Employer for purposes of the projection of delinquency described in this Section.

This projection of delinquency may be made in place of a demand for production of payroll documents, or if the Employer fails to provide such documents, in place of an audit. The projection may be used as a determination of Contributions due for each delinquent month, and may be used for purposes of any lawsuit, administrative proceeding or bond claim for the

collection of any Contribution, and no other proof need be provided by the Trustees to any court, hearing officer, bond company or arbitrator to compute the total payments due from the Employer for all delinquent months, exclusive of liquidated damages, interest, attorneys' fees, accountants' fees and costs set out in this Article. This provision does not, however, limit the Trustees from seeking a greater amount than the projected delinquency if a greater amount is shown to be owed by records or other evidence.

## ARTICLE VII
### Plan of Benefits

**Section 1.     Benefits.**
The Trustees have full discretion and authority to adopt a Plan of Benefits which includes the eligibility requirements, type, amount and duration of benefits that are to be provided equally and without discrimination to eligible Employees and Beneficiaries, based on what the Trustees determine to be within the financial limitations of the Trust Fund; provided, however, that no benefits, other than pension and related benefits, may be provided for under this Agreement and Declaration of Trust.

**Section 2.     Eligibility Requirements for Benefits.**
The Trustees have full discretion and authority to:  (1) determine questions of eligibility; (2) establish eligibility requirements for benefits provided by the Fund; (3) determine the duration of such benefits, and (4) to adopt rules and regulations setting forth same, which will be binding on the Unions, the Employers, Employees, Beneficiaries and dependents and any other persons making claims.

**Section 3.     Written Plan of Benefits.**
The detailed basis on which payment of benefits is to be made pursuant to this Agreement and Declaration of Trust will be stated in the Plan of Benefits.  The Plan of Benefits may be changed or modified by the Trustees at any time as the Trustees, in their discretion, determine is necessary based on the financial condition of the Fund, the needs of Employees and Beneficiaries and other related facts and circumstances.  Any change or modification of the Plan of Benefits made by the Trustees will be stated in writing.

**Section 4.     Government Agency Approval.**
The Trust and the Plan of Benefits adopted by the Trustees will be structured and operated to continue to qualify for approval by the Internal Revenue Service as a tax exempt Trust and Plan to ensure that the Employer Contributions to the Fund are proper deductions for income tax purposes.  In addition, the Plan of Benefits adopted by the Trustees will be structured and operated to continue to qualify for approval by any other agency as may be required by applicable law.  It is the intention of the Trustees to fully comply with all requirements of the Internal Revenue Code and ERISA.  The Trustees are authorized to file whatever applications and forms are necessary with the Internal Revenue Service or other agency to receive and maintain approval of the Trust and Plan of Benefits.

**Section 5.     Limitation of Employer's and Unions' Obligations.**

Neither any Employer nor any of the Unions have any responsibility for the payment of any benefit under the Plan of Benefits. The obligation of each Employer under the Plan is a separate one and is limited to paying into the Trust Fund the Contributions that the Employer is obligated to make on behalf of its own Employees and other payments under the provisions of the applicable Collective Bargaining Agreement and under the provisions of this Agreement and Declaration of Trust.

## ARTICLE VIII
### Controversies and Disputes

**Section 1.     Reliance on Records.**

In connection with any controversy, claim, demand, lawsuit or other proceeding between the Unions, any Employer, Employee, Beneficiary or any other person and the Trustees, the Trustees are entitled to rely to the extent permitted by ERISA, on any facts that appear in the records of the Trustees; any documents on file with the Trustees, with the Unions or with the Employers; any facts certified to the Trustees by the Unions or an Employer; any facts which are in the public record and any other evidence pertinent to the issue involved.

**Section 2.     Submission to Trustees.**

All questions or controversies of any type that arise in any manner or between any persons in connection with the Trust Fund or the operation of the Trust Fund including, but not limited to, a claim for benefits by an Employee, Beneficiary or any other person, or concerning the interpretation of the language or meaning of the Plan of Benefits or this Agreement and Declaration of Trust or the rules and procedures adopted by the Trustees, or concerning any decision, document or account in connection with the operation of the Trust Fund or otherwise, will be submitted to the Trustees and the decision of the Trustees will be binding upon all persons dealing with the Trust Fund or claiming benefits under the Trust Fund.

**Section 3.     Settling Disputes.**

The Trustees may, in their sole discretion, compromise or settle any claim or controversy in the manner that they determine to be in the best interest of the Fund. Any decision made by the Trustees to compromise or settle a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, will be final and binding on all parties interested in this Trust.

**Section 4.     Withholding Payment.**

If a question or dispute arises concerning the proper person or persons to whom a payment is to be made under the Plan of Benefits or this Trust, the Trustees may withhold the payment until there has been an adjudication of the question or dispute which is satisfactory to the Trustees' in their sole judgment or until the Trustees have been fully protected against loss by

an indemnification agreement or bond which the Trustees, in their sole judgment, determine is adequate.

## ARTICLE IX
## Arbitration

**Section 1.    Application of this Article.**
If the Trustees cannot decide any matter, issue or dispute because there is no quorum at two (2) successive regular or special meetings of the Trustees, or because there is a tie vote between the Employer Trustees and Union Trustees at any meeting, then, in either event, the Employer Trustees and the Union Trustees will attempt to agree upon the designation of an impartial umpire to decide the dispute. If, within ten (10) days after the occurrence of either of the two events referred to above the Union Trustees and the Employer Trustees fail to agree upon the selection of an impartial arbitrator, any two (2) Trustees may petition the United States District Court for the District of Maryland to appoint an impartial umpire. The decision of the impartial arbitrator will be final and binding on all parties and persons concerned.

**Section 2.    Expenses of Arbitration.**
All reasonable and necessary costs and expenses in connection with the proceedings before the impartial arbitrator, including the fee, if any, of the impartial arbitrator and including attorneys' fees incurred by the Trustees in connection with the dispute which are mutually agreed upon by the Union Trustees and Employer Trustees, is a proper charge against the Trust Fund and the Trustees are authorized and directed to pay such charges.

**Section 3.    Status of Arbitrator.**
An impartial arbitrator or umpire agreed upon or appointed to decide any matter relating to the administration of the Trust Fund or Plan of Benefits will be a fiduciary to the extent provided by ERISA or court or agency interpretations of ERISA.

## ARTICLE X
## Execution of Agreement and Declaration of Trust

**Section 1.    Counterparts.**
This Agreement and Declaration of Trust may be executed in one or more counterparts. The signature of a person on any counterpart will be sufficient evidence of his execution of the Agreement and Declaration of Trust.

**Section 2.    Written Instruments.**
Employers, as defined in Article I, Section 7, may adopt and become a party to this Agreement and Declaration of Trust by signing a Collective Bargaining Agreement in which the Employer agrees to participate in the Trust Fund under the terms of this Agreement and Declaration of Trust and the rules and procedures adopted by the Trustees.

## ARTICLE XI
### Amendment to Agreement and Declaration of Trust

**Section 1.    Amendment by Trustees.**

The provisions of this Agreement and Declaration of Trust may be amended to any extent and at any time by a document in writing adopted by a majority action of all Trustees in accordance with Article IV.  It is expressly understood and agreed that no amendment will direct any of the trust assets then in the hands of the Trustees from the purposes and objects of the Trust Fund.

**Section 2.    Retroactive Effect.**

The Trustees have full power and discretion to establish the effective date of any Amendment. Any Amendment may have retroactive effect if it is determined to be necessary by the Trustees.


## ARTICLE XII
### Termination of Trust

**Section 1.    By the Trustees.**

This Agreement and Declaration of Trust may be terminated by a document in writing adopted a majority of the Union Trustees and a majority of the Employer Trustees if any one or more of the following events occur:

(a)    if, in the opinion of the Trustees, the Trust Fund is not adequate to carry out the intent and purpose of this Agreement and Declaration of Trust, or is not adequate to meet the payments due or which may become due under the Plan of Benefits;

(b)    if there are no individuals living who can qualify as Employees or Beneficiaries under this Agreement and Declaration of Trust;

(c)    if Collective Bargaining Agreements requiring Contributions to the Trust Fund are no longer in force and effect.

**Section 2.    Procedure on Termination.**

If this Agreement and Declaration of Trust is terminated, the Trustees will:

(a)    provide for the payment out of the Trust Fund of expenses incurred up to the date of termination of the Trust and the expenses in connection with the termination;

(b)    arrange for a final audit and report of their transactions and accounts for the purpose of terminating their Trusteeship;

(c)    give any notice and prepare and file any reports which may be required by law; and

(d)     apply the Trust Fund in accordance with the provisions of the Plan of Benefits including amendments adopted as part of the termination until the Fund is disbursed.

No part of the corpus or income of the Trust Fund will be used for or diverted to purposes other than for the exclusive benefit of the Employees and the Beneficiaries or the administrative expenses of the Trust Fund.  Under no circumstances will any portion of the Trust Fund revert or inure to the benefit of any contributing Employer or the Unions either directly or indirectly.

**Section 3.     Notification of Termination.**
Upon termination of the Trust Fund under this Article, the Trustees will promptly notify the Unions, Employers, and all other interested parties.  The Trustees will continue as Trustees for the purpose of winding up the affairs of the Trust Fund.


## ARTICLE XII
## Miscellaneous Provisions

**Section 1.     Termination of Individual Employers.**
An Employer will cease to be an Employer within the meaning of this Agreement and Declaration of Trust when he is no longer obligated to make Contributions to this Trust Fund or when the Trustees have terminated its status as an "Employer" for failure to make the Contributions required by applicable Collective Bargaining Agreement.

**Section 2.     Situs.**
The State of Maryland is the situs of the Trust Fund established by this Agreement and Declaration of Trust.  All questions pertaining to validity, construction and administration of this Trust Fund will be determined in accordance with the laws of the State of Maryland to the extent not preempted by ERISA and other federal laws.

**Section 3.     Construction of Terms.**
Wherever any words are used in this Agreement and Declaration of Trust in the masculine gender, they will be interpreted and applied as though they are also used in the feminine or neuter gender, in all situations where this would apply.  Wherever any words are used in this Agreement and Declaration of Trust in the singular form, they will be interpreted and applied as though they are also used in the plural form in all situations where this would apply. Wherever any words are used in this Agreement and Declaration of Trust in the plural form, they will be interpreted and applied as though they are also used in the singular form in all situations where this would apply.

**Section 4.     Notice.**
Any notice required to be given to one or more of the Trustees pursuant to any provision of this Agreement and Declaration of Trust will be deemed to have been given if it is mailed to the Trustee or Trustees at the most recent address of the Trustee on file with the Trust Fund.

**Section 5.     Severability.**

If any provision in this Agreement and Declaration of Trust, the Plan of Benefits or rules and procedures adopted thereunder, or in any Collective Bargaining Agreement, is determined to be illegal or invalid for any reason, this determination will not affect other provisions contained in those documents, unless the determination concerning the illegal or invalid provision would make the functioning of the Trust Fund or the Plan of Benefits impossible or impractical.  In such case, the appropriate parties will promptly adopt a new provision to take the place of the illegal or invalid provision.

**Section 6.     Refund of Contributions.**

In no event, will any Employer, directly or indirectly, receive any refund of Contributions made by him to the Trust Fund except as provided in ERISA.  Under no circumstances will any portion of the Trust Fund revert or inure to the benefit of any contributing Employer or the Unions either directly or indirectly.

**Section 7.     Article and Section Titles.**

The Article and Section titles are included solely for convenience and will not be interpreted to affect or modify any provision of this Agreement and Declaration of Trust or be interpreted as provisions of this Agreement and Declaration of Trust.

**Section 8.     Pension Benefits Payable from Trust Fund Only.**

Pension Benefits provided for by this Agreement and Declaration of Trust and/or the Plan of Benefits are only payable to the extent there are assets in the Fund to pay such benefits. Neither the Trustees, the Unions, nor Employers guarantee the payment of benefits, in the event the assets of the Fund are insufficient for this purpose.

**Section 9.     Complete Agreement.**

The provisions of this Agreement and Declaration of Trust exclusively will define the powers, duties, rights and obligations of all persons who have a relation to the Trust, except that the amount of the employer Contributions will be provided for in Collective Bargaining Agreements.

**IN WITNESS WHEREOF**, the undersigned have adopted and executed this document, as evidence of their acceptance of the Trust hereby established and their agreement to be bound by the Trust this 22nd day of ____June____, 2006.

_____     Date: _____
(Trustee)

_____     Date: __6/22/06__
(Trustee)

_____ Date: 6/22/06
(Trustee)

_____ Date: 6/22/06
(Trustee)

_____ Date: 6/22/06
(Trustee)

_____ Date: 6/22/06
(Trustee)

_____ Date: 6/22/06
(Trustee)

_____ Date: _____
(Trustee)

_____ Date: _____
(Trustee)

_____ Date: _____
(Trustee)