IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


GEORGE MALONEY et al.,          *
            Petitioners          *
v.                               *
                                 *    Civil Action No. WMN-15-2672
EDWARD CORYELL, SR. et al.,      *
            Respondents          *
                                 *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM**

Pending before the Court is Petitioners' Petition for Appointment of Impartial Umpire, ECF No. 1, and Respondents' Cross-Petition for Appointment of Impartial Umpire, ECF No. 4. After reviewing the petitions, the Court requested additional clarification on the parties' preferred appointments.  For the reasons stated herein, the Court hereby appoints the Honorable Frederic N. Smalkin to serve as impartial umpire.

Petitioners George Maloney, Carl Buch, Kenneth Grunley, Mark Humphrey, and Stephen Kimball (Employer Trustees), in their capacities as Employer Trustees of the Mid-Atlantic Regional Council of Carpenters' Pension Fund, Health Trust Fund, and Annuity Fund, (Funds), petition this Court to appoint an impartial umpire to resolve a deadlocked motion between Employer Trustees and Respondents Edward Coryell Sr., John Brown, Edward Coryell Jr.,[1] Thomas Jennings, Robert Naughton, and William

---

[1] Edward Coryell Jr. is an alternate trustee.

Piunti (Union Trustees).  Respondents cross-petition this Court

to appoint an impartial umpire to resolve a separate yet similar

deadlocked motion between Union Trustees and Employer Trustees.

The Funds were established pursuant to the provisions of §

302(c)(5) of the Labor Management Relations Act of 1947 (LMRA),

29 U.S.C. § 186(c)(5).  The Funds are multiemployer plans within

the meaning of the Employee Retirement Income Security Act of

1974, (ERISA), 29 U.S.C. § 1002(37)(A).  Third-party

administrator, GEMGroup, administers and maintains the Funds

pursuant to separate Agreements and Declarations of Trust (Trust

Agreements).  Together, Petitioners and Respondents constitute

the Board of Trustees (Trustees) for each of the Funds.

Each Trust Agreement provides that:

> [i]f the Trustees cannot decide any matter, issue or
> dispute... because there is a tie vote between the
> Employer Trustees and Union Trustees at any meeting,
> then, ... the Employer Trustees and Union Trustees
> will attempt to agree upon the designation of an
> impartial umpire to decide the dispute.  If within ten
> (10) days after the occurrence [of a tie] the Union
> Trustees and the Employer Trustees fail to agree upon
> the selection of an impartial arbitrator, any two (2)
> Trustees may petition the United States District Court
> for the District of Maryland to appoint an impartial
> umpire.  The decision of the impartial arbitrator will
> be final and binding on all parties and persons
> concerned.

ECF Nos. 1-1 pg. 21, 1-2 pg. 21, 1-3 pgs. 17-18.

The deadlock motions at issue stem from the Trustees'

attempts to decide who will serve as fund collector.  The Funds

previously maintained a full-time employee to pursue employers
who were delinquent in their contributions to the Funds.  The
fund collector position is vacant, and both parties have
presented the Trustees with candidates for the position.

At a Board of Trustees meeting on July 23, 2015, the Funds'
administrator, GEMGroup, offered to make a proposal to provide
collection services to the Funds at the October board meeting,
to be held on October 22, 2015.  Employer Trustees made a motion
to allow GEMGroup to make that proposal at the October meeting.
There was a tie vote resulting in a deadlocked motion.  At the
same board meeting, Union Trustees made a motion to allow
collection services to be performed by staff employed by the
Carpenters' Benefit Funds of Philadelphia & Vicinity.  Again,
there was a tie vote resulting in a deadlocked motion.

Section 302(c)(5)(B) of the LMRA authorizes this Court to
appoint an impartial umpire under these circumstances.
Accordingly, this Court appoints the Honorable Frederic N.
Smalkin, JAMS Maryland Dispute Resolution Center, 6411 Ivy Lane,
Greenbelt, MD 20770. As a former member of this Court, Judge
Smalkin's impartial judgment and experience in similar matters
is beyond reproach.  Barring any unforeseen conflict of
interest, JAMS has agreed to advance arbitration in this matter
as quickly as possible.  Further inquiries can be directed to

JAMS Senior Case Manager Teresa L. Menendez, who will contact
parties to advance the scheduling of arbitration.

On the issue of arbitration fees, both parties have agreed
that under the Trust Agreements, "[a]ll reasonable and necessary
costs and expenses in connection with the proceedings before the
impartial arbitrator, including the fee, if any, of the
impartial arbitrator, and including attorneys' fees incurred by
the Trustees in connection with the dispute which are mutually
agreed upon by the Union Trustees and Employer Trustees, is a
proper charge against the Trust fund and the Trustees are
authorized and directed to pay such charges."


                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge

DATED: October 22, 2015